UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

**Donald Nutter**

    v.                                    Case No. 20-cv-960-PB
                                              Opinion No. 2021 DNH 171
**Commissioner of Social Security**

**MEMORANDUM AND ORDER**

Donald Nutter missed the hearing on his application for social security disability insurance benefits ("DIB"). An Administrative Law Judge ("ALJ") later dismissed Nutter's application because he could not establish "good cause" for his absence. Nutter contends that the ALJ's good cause determination is not supported by substantial evidence because the ALJ ignored evidence in the record that Nutter suffers from mental impairments that caused him to miss the hearing.

## I.   BACKGROUND

Claiming to suffer from anxiety, depression, and some physical ailments, Nutter applied for Social Security disability benefits several years ago. Tr. 24-25. After his initial application was denied, the Social Security Administration (SSA) scheduled a hearing at Nutter's request. Tr. 66.

On the day of the hearing, Francis Jackson, an attorney who represented Nutter in connection with his application and was

initially scheduled to attend the hearing, sent an associate in his place. Tr. 20. The associate, Kristian Terison, prepared the appropriate paperwork for Nutter to appoint him as his representative for the hearing -- Nutter would just have to sign the document when he arrived. Tr. 20. Unfortunately, Nutter drove to the wrong Social Security office. Attorney Terison was present at the start of the hearing, but without either Nutter or a properly appointed representative present, the hearing was canceled. Tr. 20.

The ALJ later dismissed Nutter's case based on a Social Security Administration regulation that permits such dismissals if the claimant and his representative have missed a hearing without "good cause." See 20 C.F.R. § 404.957(b)(1)(i). Nutter challenged the ALJ's decision before the Appeals Council, which remanded the claim for a hearing before a new ALJ to determine whether "the claimant had a good reason" for not appearing at the hearing.

When determining whether an applicant's failure to attend a hearing is excused by good cause, an ALJ must consider the applicant's "physical, mental, educational or linguistic limitations." See 20 C.F.R. § 404.957(b)(2). On remand, Nutter argued that he missed the hearing because his "mental impairments" and "cognitive disfunction" led him to misinterpret

the hearing notice and travel to the wrong social security office.  Tr. 128.

The ALJ rejected Nutter's good faith defense without attempting to analyze how, if at all, his mental impairments affected his ability to interpret and comply with the hearing notice.  Tr. 21-22.  Instead, he concluded that the hearing notice provided Nutter with a simple instruction and based his ruling on the opinions of examining psychologist Dr. Robert Su Prescott and reviewing psychologist Dr. JoAnne Coyle that Nutter could remember and understand simple instructions.  Tr. 21-22.  The Appeals Council summarily affirmed the ALJ's decision, and this appeal followed.  Tr. 1-2.

## II.  STANDARD OF REVIEW

I may review the pleadings submitted by the parties and the administrative record and enter a judgment affirming, modifying, or reversing the "final decision" of the Commissioner.  See 42 U.S.C. § 405(g).  That review is limited, however, "to determining whether the ALJ used the proper legal standards and found facts [based] upon the proper quantum of evidence."  Ward v. Comm'r of Soc. Sec., 211 F.3d 652, 655 (1st Cir. 2000).  I defer to the ALJ's findings of fact so long as those findings are supported by substantial evidence.  Id.  Substantial evidence exists "if a reasonable mind, reviewing the evidence in

the record as a whole, could accept it as adequate to support [the ALJ's] conclusion." Irlanda Ortiz v. Sec'y of Health & Human Servs., 955 F.2d 765, 769 (1st Cir. 1991) (per curiam) (quoting Rodriguez v. Sec'y of Health & Human Servs., 647 F.2d 218, 222 (1st Cir. 1981)).

"The ALJ is not required to mention every piece of evidence but must provide an 'accurate and logical bridge' between the evidence and his conclusions." Knox v. Astrue, 327 F. App'x 652, 656 (7th Cir. 2009) (quoting Craft v. Astrue, 539 F.3d 668, 673 (7th Cir. 2008)). If the ALJ's opinion was "derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts," it is not supported by substantial evidence. Sacilowski v. Saul, 959 F.3d 431, 437 (1st Cir. 2020) (quoting Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999)).

### III.  **ANALYSIS**

Nutter argues that the ALJ's decision is not supported by substantial evidence because it ignores essential evidence in the record that bears on his claim that he missed the hearing because of his mental impairments. I agree.

Dr. Su Prescott and Dr. Coyle both noted that Nutter suffers from Post Traumatic Stress Disorder, Major Depressive Disorder, and Opioid Use Disorder. Tr. 31, 164. Although the ALJ adopted Dr. Su Prescott and Dr. Coyle's opinions that Nutter

4

could remember and understand simple instructions, he failed to discuss Nutter's mental impairments in his dismissal order.  Nor did he comment on Dr. Su Prescott's specific observation in the first sentence of his report that "Mr. Nutter may well forget or miss appointments without reminding."  See Tr. 159.  These omissions are particularly troubling given Nutter's statements to Dr. Su Prescott that he has difficulty attending appointments and "has missed some because he has forgotten them" and "sometimes he has missed them as he has been too anxious to go out."  Tr. 162.  Dr. Su Prescott's report was drafted long before Nutter's missed hearing, tempering any potential objection to its seemingly striking relevance to the matter at hand.  Because the ALJ failed to discuss this evidence in his dismissal order, I can only speculate about how it could have affected his analysis.[1]

As I have explained, an ALJ's decision that is "derived by ignoring evidence" is "not conclusive."  Sacilowski, 959 F.3d at 437.  Here, the ALJ ignored or misstated considerable evidence

---

[1] The ALJ also appears to have based his dismissal order on a misreading of the record.  In rejecting Nutter's good faith defense, the ALJ criticized Nutter's counsel for claiming that Nutter had misidentified the day and year of his meeting with Dr. Su Prescott when, "it was only the year he stated incorrectly."  As Nutter's counsel notes, however, the ALJ's assertion is incorrect because Dr. Su Prescott's report states that Nutter misidentified both the year and day of the month of his meeting.  Tr. 162.

5

in the record. This evidence highlighted how Nutter's anxiety and cognitive issues make leaving his house difficult for him, to the point that he misses his appointments. Whether Nutter can remember simple instructions or locations does not undercut the logical inference that his anxiety -- and not just his memory -- interfered with his ability to think clearly about which SSA office he had to visit. Nutter has "panic symptoms or attacks . . . when he has to go out," which arguably interact with his documented memory issues. Tr. 160. The ALJ's failure to address this evidence -- despite it being continually noted in Dr. Su Prescott's report and uncontradicted by Dr. Coyle -- is an apparent oversight that undermines the Commissioner's contention that the ALJ's decision is supported by substantial evidence.

The Commissioner's arguments in response are unpersuasive. In Arthur F. v. Comm'r of Soc. Sec., which the Commissioner points me to, the claimant filed a late request to review an ALJ's decision. See No. 1:19-CV-1187, 2021 WL 950634, at *2 (C.D. Ill. Mar. 12, 2021). The claimant then argued that he had good cause based on his memory impairments. Id. But the district court disagreed because there was insufficient evidence to support the claimant's assertion. Id. Here, as I have documented above, the record contains significant evidence for an ALJ to consider when determining "good cause." Moreover,

Nutter does not argue, unlike the claimant in Arthur, that he just forgot about the hearing; he states that "a number of mental impairments, including . . . anxiety . . . were the cause of his" absence.  Mot. to Reverse, Doc. No. 8 at 4.  Nutter claims to have thought that the hearing was at a different office, but he does not say that he just forgot where to go.  Hearings are understandably stressful for claimants and predictably so for Nutter, who has arguably demonstrated how his anxiety interferes with his ability to successfully leave the house.  Nutter's assertion of "good cause" is therefore much more forceful than the claimant in Arthur.

The Commissioner's citation to Neuzil is similarly unpersuasive.  There, the claimant argued that she had good cause for arriving at the hearing late after writing the address down incorrectly, getting lost, and not finding anybody to give her directions.  2013 WL 2445212, at *6.  The magistrate judge explicitly noted that there was no evidence "to support the conclusion that any of [the claimant's] alleged mental issues had anything whatsoever to do with her failure to appear at the hearing."  Id. at *6 n.10.  Again, here there is evidence to support Nutter's good cause claim -- evidence that the ALJ failed to address in his decision.  Neuzil is not compelling.

Finally, the Commissioner makes hay out of Attorney Jackson's decision to send his associate Terison to meet Nutter

7

and sign the appropriate paperwork at the hearing office.  The Commissioner is correct that Attorney Terison could have appeared on Nutter's behalf if he had prepared the paperwork in advance.  But this observation does not affect my evaluation of the ALJ's good cause determination.  The ALJ had to consider "any . . . mental . . . limitations . . . which [Nutter]" had.  See §§ 416.1457(b)(2), 404.957(b)(2).  The way Nutter's representatives independently prepared for the hearing is beside the point.

At bottom, the ALJ's decision ignores evidence of Nutter's mental impairments -- the very same issues that prompted his application for disability benefits.  See Smith v. Berryhill, No. C17-647 RAJ, 2018 WL 953354, at *5 (W.D. Wash. Feb. 20, 2018) ("It would be a tragic Catch-22 if a person's disability led to forfeiture of his claim forevermore.").  Evidence of Nutter's mental limitations, coupled with his cognitive impairments could support a finding that he had good cause for missing his hearing.  If the ALJ believed that it did not, he needed to explain the basis for his conclusion and not ignore the evidence altogether.

## IV.  CONCLUSION

Nutter's motion to reverse (Doc. No. 8) is granted to the extent that the ALJ's decision is vacated and the case is

8

remanded to the Commissioner for further proceedings, under sentence four of 42 U.S.C. § 405(g).

On remand, the Commissioner must address, consistent with §§ 416.1457(b)(2) and 404.957(b)(2), whether Nutter's "mental . . . limitations" impacted his ability to arrive at his hearing on time.  The Commissioner should specifically consider the undisputed record evidence of Nutter's anxiety and cognitive limitations -- including Dr. Su Prescott's acknowledgment that Nutter may miss appointments or not leave his house altogether.

SO ORDERED.

/s/ Paul Barbadoro
Paul Barbadoro
United States District Judge

November 4, 2021

cc: Alexandra M. Jackson, Esq.
    Rami M. Vanegas, Esq.